Charles M. Lizza
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYNER SURGICAL INC. and RAYNER INTRAOCULAR LENSES LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS, INC., and AMNEAL EU, LIMITED, <br><br> Defendants. | C.A. No. _ <br><br> (Filed Electronically) <br><br> ▇▇▇▇▇▇▇ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Rayner Surgical Inc. ("Rayner Surgical") and Rayner Intraocular Lenses Ltd. ("Rayner Intraocular") (collectively, "Rayner" or "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Amneal Pharmaceuticals of New York, LLC, Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals, Inc., and Amneal EU, Limited (collectively, "Amneal") and hereby allege as follows:

## NATURE OF THE ACTION

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C § 271, arises from Amneal's submission of Abbreviated New Drug Application ("ANDA") No. 220463 ("Amneal ANDA") to the United States Food and Drug Administration ("FDA"). Through the Amneal ANDA, Amneal seeks approval to market a generic version of Rayner's product OMIDRIA® (phenylephrine and ketorolac injection, 1%/0.3%) (the "ANDA Product") prior to the expiration of United States Patent No. 9,066,856 (the "'856 Patent"); United States Patent No. 9,486,406 (the "'406 Patent"); and United States Patent No. 9,855,246 (the "'246 Patent") (together, the "Patents-in-Suit"). Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

2. This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C. § 271.

## THE PARTIES

3. Plaintiff Rayner Surgical is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1255 Lynnfield Road, Suite 257, Memphis, TN 38119.

4. Plaintiff Rayner Intraocular is a private limited company organized and existing under the laws of England, having a principal place of business at 10 Dominion Way, Worthing, West Sussex, England BN14 8AQ.

5. On information and belief, Defendant Amneal Pharmaceuticals of New York, LLC, is a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, NJ 08807-2863.

2

6. On information and belief, Defendant Amneal EU, Limited is a corporation organized and existing under the laws of Ireland with a principal place of business at Cahir Road, Cashel, Co. Tipperary, E25 XD51, Ireland.

7. On information and belief, Defendant Amneal Pharmaceuticals of New York, LLC is the U.S. agent for Amneal EU, Limited.

8. On information and belief, Defendant Amneal Pharmaceuticals LLC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 400 Crossing Boulevard, 3rd Floor, Bridgewater, NJ 08807.

9. On information and belief, Defendant Amneal Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, NJ 08807.

10. On information and belief, Amneal Pharmaceuticals of New York, LLC, Amneal EU, Limited, and Amneal Pharmaceuticals LLC are all subsidiaries of Amneal Pharmaceuticals, Inc.

11. On information and belief, Amneal caused the Amneal ANDA to be submitted to FDA and seeks approval of the Amneal ANDA.

12. On information and belief, Amneal intends to commercially manufacture, market, offer for sale, and sell the ANDA Product throughout the United States, including in the State of New Jersey, in the event FDA approves the Amneal ANDA.

## JURISDICTION AND VENUE

13. This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and 28 U.S.C. §§ 1338(a), 2201, and 2202.

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

15. On information and belief, this Court has personal jurisdiction over Amneal Pharmaceuticals of New York, LLC under the New Jersey long-arm statute and consistent with due process because Amneal Pharmaceuticals of New York, LLC has continuous and systematic contacts with New Jersey and regularly conducts business in this Judicial District, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to sell the ANDA Product in the State of New Jersey upon approval of the Amneal ANDA.

16. On information and belief, this Court has personal jurisdiction over Amneal EU, Limited under the New Jersey long arm statute and consistent with due process because Amneal EU Limited has continuous and systematic contacts with New Jersey and regularly conducts business in this Judicial District, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to sell the ANDA Product in the State of New Jersey upon approval of the Amneal ANDA.

17. Alternatively, this Court has personal jurisdiction over Amneal EU, Limited because Plaintiffs' claims arise under federal law, Amneal EU, Limited is a foreign defendant not subject to general personal jurisdiction in any other state, and Amneal EU, Limited has continuous and systematic contacts with the United States as a whole, including, but not limited to, the submission of the Amneal ANDA to FDA, such that this Court's exercise of personal jurisdiction over Amneal EU, Limited satisfies due process.

18. On information and belief, this Court has personal jurisdiction over Amneal Pharmaceuticals, LLC at least because Amneal Pharmaceuticals LLC has its principal place of business in New Jersey. This Court also has personal jurisdiction over Amneal Pharmaceuticals,

LLC because Amneal Pharmaceuticals, LLC has continuous and systematic contacts with New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and, on information and belief, intends to sell the ANDA Product in the State of New Jersey upon approval of the Amneal ANDA.

19.     On information and belief, this Court has personal jurisdiction over Amneal Pharmaceuticals, Inc. at least because Amneal Pharmaceuticals Inc. has its principal place of business in New Jersey. This Court also has personal jurisdiction over Amneal Pharmaceuticals, Inc. because Amneal Pharmaceuticals, Inc. has continuous and systematic contacts with New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and, on information and belief, intends to sell the ANDA Product in the State of New Jersey upon approval of the Amneal ANDA.

20.     On information and belief, Amneal is in the business of manufacturing, obtaining regulatory approval, marketing, distributing, and selling generic copies of branded pharmaceutical products throughout the United States, including within the State of New Jersey, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, from which Amneal derives a substantial portion of its revenue.

21.     On information and belief, Amneal plans to sell the ANDA Product in the State of New Jersey, list the ANDA Product on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the ANDA Product in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

22. On information and belief, Amneal knows and intends that the ANDA Product will be distributed and sold in New Jersey and will thereby displace sales of OMIDRIA®, causing injury to Rayner. Amneal intends to take advantage of its established channels of distribution in New Jersey for the sale of the ANDA Product.

23. On information and belief, Amneal has committed, or aided, abetted, contributed to and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture OMIDRIA® for sale and use throughout the United States, including this Judicial District.

24. Amneal has not contested personal jurisdiction in this Court in recent cases arising out of its ANDA filings and has filed counterclaims in cases before this Court. *See, e.g.*, Answer at 3–4, 19–20, *Salix Pharms., Inc. v. Amneal Pharms. of N.Y., LLC and Amneal EU, Ltd.*, C.A. No. 3:24-cv-4607(ESK)(AMD) (D.N.J. June 18, 2024); Answer at ¶¶ 16–22, 1–2, *Teva Branded Pharm. Prods. R&D, Inc. v. Amneal Pharms. of N.Y., LLC, Amneal Ireland Ltd., Amneal Pharms. LLC, and Amneal Pharms. Inc.*, C.A. No. 23-cv-20964-JXN-MAH (D.N.J. Dec. 1, 2023).

25. Venue is proper in this Judicial District for Amneal Pharmaceuticals of New York, LLC pursuant to at least 28 U.S.C. § 1400 because, on information and belief, Amneal Pharmaceuticals of New York, LLC has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey. On information and belief, based on Amneal Pharmaceuticals of New York, LLC's presence in and connections to New Jersey, discoverable information in Amneal Pharmaceuticals of New York, LLC's possession, custody, or control regarding the Amneal ANDA will likely show that Amneal Pharmaceuticals of New York, LLC engaged in activities in New Jersey relevant to the preparation and/or submission of the Amneal ANDA in New Jersey.

26.   Venue is proper in this Judicial District for Amneal Pharmaceuticals, LLC pursuant to at least 28 U.S.C. § 1400 because, on information and belief, Amneal Pharmaceuticals, LLC has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey. On information and belief, based on Amneal Pharmaceuticals LLC's presence in and connections to New Jersey, discoverable information in Amneal Pharmaceuticals LLC's possession, custody, or control regarding the Amneal ANDA will likely show that Amneal Pharmaceuticals LLC engaged in activities in New Jersey relevant to the preparation and/or submission of the Amneal ANDA in New Jersey.

27.   Venue is proper in this Judicial District for Amneal Pharmaceuticals, Inc. pursuant to at least 28 U.S.C. § 1400 because, on information and belief, Amneal Pharmaceuticals, Inc. has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey. On information and belief, based on Amneal Pharmaceuticals, Inc.'s presence in and connections to New Jersey, discoverable information in Amneal Pharmaceuticals Inc.'s possession, custody, or control regarding the Amneal ANDA will likely show that Amneal Pharmaceuticals, Inc. engaged in activities in New Jersey relevant to the preparation and/or submission of the Amneal ANDA in New Jersey.

28.   Venue is proper in this Judicial District for Amneal EU, Limited pursuant to at least 28 U.S.C. § 1391(c)(3) because, on information and belief, Amneal EU, Limited is a foreign corporation incorporated under the laws of Ireland and may be sued in any judicial district.

## RAYNER'S APPROVED OMIDRIA DRUG PRODUCT AND PATENTS

29.   Rayner makes and sells OMIDRIA®, the first FDA-approved product for intraocular use during cataract surgery or intraocular lens replacement that both prevents intraoperative miosis (pupil constriction) and reduces postoperative pain. A true and correct copy of the prescribing information for OMIDRIA® is attached as Exhibit A.

30.    OMIDRIA® is a stable, sterile pharmaceutical formulation containing phenylephrine, ketorolac, citric acid, sodium citrate, and water for injection, and may include sodium hydroxide and/or hydrochloric acid for pH adjustment. OMIDRIA® is preservative-free and contains no antioxidants.

31.    Rayner Surgical is the holder of New Drug Application ("NDA") No. 205388 for OMIDRIA®. The FDA approved NDA No. 205388 for OMIDRIA® in May 2014.

32.    Rayner Intraocular is the assignee and owner of the '856 Patent, the '406 Patent, and the '246 Patent.

33.    The '856, '406, and '246 Patents are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for OMIDRIA®.

34.    The '856 Patent, entitled "Stable Preservative-Free Mydriatic and Anti-Inflammatory Solutions for Injection," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO") on June 30, 2015. A true and correct copy of the '856 Patent is attached as Exhibit B.

35.    The '406 Patent, entitled "Stable Preservative-Free Mydriatic and Anti-Inflammatory Solutions for Injection," was duly and lawfully issued by the USPTO on November 8, 2016. A true and correct copy of the '406 Patent is attached as Exhibit C.

36.    The '246 Patent, entitled "Stable Preservative-Free Mydriatic and Anti-Inflammatory Solutions for Injection," was duly and lawfully issued by the USPTO on January 2, 2018. A true and correct copy of the '246 Patent is attached as Exhibit D.

**AMNEAL'S ANDA NO. 220463**

37.    On information and belief, Amneal has submitted or caused to be submitted ANDA No. 220463 to the FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the

commercial manufacture, use or sale of a purported generic version of OMIDRIA®, prior to the expiration of the '856, '406, and '246 Patents.

38.    Amneal mailed Rayner Surgical Inc. and Rayner Intraocular Lenses Limited a letter dated February 20, 2026, regarding "Notice of Paragraph IV Certification of U.S. Patent Numbers 9,066,856, 9,486,406 and 9,855,246, Concerning ANDA No. 220463 for Phenylephrine Hydrochloride and Ketorolac Tromethamine, 1%/0.3%" (the "Notice Letter"). The Notice Letter represented that Amneal has submitted ANDA No. 220463 and a purported Paragraph IV certification to FDA in order to obtain approval to engage in the commercial manufacture, use, or sale of the product described in the Amneal ANDA before the expiration of the patents listed in the Orange Book for OMIDRIA®. Hence, Amneal's purpose in submitting the Amneal ANDA is to manufacture and market the ANDA Product before the expiration of the '856, '406, and '246 Patents.

39.    On information and belief, Amneal's ANDA Product is a sterile liquid pharmaceutical formulation stored in a single use container for addition to ocular irrigating solutions used during cataract surgery or intraocular lens replacement.

40.    On information and belief, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

41.    On information and belief, █████████████████████████████████████████████████████████████████████████████

9

████████████████████████████████████████████████████

████████████████████████████████████████

42.    On information and belief, if FDA approves the Amneal ANDA, Amneal will manufacture, offer for sale, or sell the ANDA Product within the United States, including within New Jersey, or will import the ANDA Product into the United States, including New Jersey, and/or will import the ANDA Product into the United States including the State of New Jersey.

43.    On information and belief, if FDA approves the Amneal ANDA, Amneal will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product in the United States.

44.    This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of Plaintiffs' receipt of the Notice Letter.

## COUNT I
## INFRINGEMENT OF THE '856 PATENT

45.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–44 as if fully set forth herein.

46.    On information and belief, Amneal has submitted or caused the submission of the Amneal ANDA to FDA, and continues to seek FDA approval of the Amneal ANDA.

47.    On information and belief, Amneal has infringed one or more claims of the '856 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the '856 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for the Amneal ANDA be a date which is not earlier than the expiration date of the '856 Patent.

48.     On information and belief, FDA regulations provide, *inter alia*, that, "[g]enerally, a drug product intended for ophthalmic use . . . must contain the same inactive ingredients and in the same concentration as the reference listed drug" and further that "in a product intended for ophthalmic use, an applicant may not change a buffer . . . for the purpose of claiming a therapeutic advantage over or difference from the listed drug . . . or by making a significant change in the pH or other change that may raise questions of irritability." 21 C.F.R. § 314.94(a)(9)(iv).

49.     For example, claim 1 of the '856 Patent recites:

> A sterile liquid pharmaceutical formulation consisting essentially of phenylephrine, ketorolac and a buffer system in an aqueous carrier, wherein the formulation is stable for at least six months when stored at a temperature of from 5+/-3º C. to 25 +/-2º C.

50.     On   information   and   belief, ████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

51.     ██████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████

52.     On information and belief, ██████████████████████
████████████████████████████████████████████
██████████

53.     On information and belief, ██████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████

54.     Amneal's commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product would directly infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '856 Patent. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of the Amneal ANDA, Amneal will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '856 Patent.

55.     On information and belief, upon FDA approval of the Amneal ANDA, Amneal will market and distribute the ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the ANDA Product. On information and belief, Amneal will also knowingly and intentionally accompany the ANDA Product with proposed prescribing information and a product insert that will include instructions for using and administering the ANDA Product. Accordingly, Amneal will induce health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '856 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '856 Patent and knowledge that they are encouraging infringement.

56.     Amneal had actual and constructive notice of the '856 Patent prior to filing the Amneal ANDA, and was aware that the filing of the Amneal ANDA with the request for FDA

approval prior to the expiration of the '856 Patent would constitute an act of infringement of the '856 Patent.

57. In addition, upon information and belief, Amneal filed the Amneal ANDA without adequate justification for asserting the '856 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '856 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

58. Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing or contributing to the infringement of one or more claims of the '856 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT II**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '856 PATENT**

59. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–58 as if fully set forth herein.

60. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

61. On information and belief, if the Amneal ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '856 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

62.     On information and belief, Amneal knows that health care professionals or patients will use the ANDA Product in accordance with the proposed prescribing information sought by the Amneal ANDA and Amneal will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '856 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

63.     On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the '856 Patent expires will directly infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '856 Patent under one or more of 35 U.S.C. §§ 271(a), (b) and (c).

64.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Amneal concerning liability for the infringement of one or more claims of the '856 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

65.     Plaintiffs will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

66.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF THE '406 PATENT

67.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–66 as if fully set forth herein.

14

68.    On information and belief, Amneal has submitted or caused the submission of the Amneal ANDA to the FDA, and continues to seek FDA approval of the Amneal ANDA.

69.    On information and belief, Amneal has infringed one or more claims of the '406 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the '406 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for the Amneal ANDA be a date which is not earlier than the expiration date of the '406 Patent.

70.    On information and belief, FDA regulations provide, *inter alia*, that, "[g]enerally, a drug product intended for ophthalmic use . . .  must contain the same inactive ingredients and in the same concentration as the reference listed drug" and further that "in a product intended for ophthalmic use, an applicant may not change a buffer . . . for the purpose of claiming a therapeutic advantage over or difference from the listed drug . . . or by making a significant change in the pH or other change that may raise questions of irritability." 21 C.F.R. § 314.94(a)(9)(iv).

71.    For example, claim 2 of the '406 Patent recites:

> A liquid pharmaceutical formulation comprising phenylephrine, ketorolac and a buffer system in an aqueous carrier, wherein the formulation is stable without the inclusion of preservatives and antioxidants for at least six months when stored at a temperature of from 5+/-3°C. to 25+/-2 ° C.

72.    On  information  and  belief,  ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████▍███████████

73.    ███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

74.    On information and belief, ████████████████████████████████

██████████████████████████████████████████████████████

████████

75.    On information and belief, the ANDA Product would also infringe one or more claims of the '406 Patent under the doctrine of equivalents. ████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

76.    Amneal's commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product would directly infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '406 Patent. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of the Amneal ANDA, Amneal will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '406 Patent.

77.    On information and belief, upon FDA approval of the Amneal ANDA, Amneal will market and distribute the ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the ANDA Product. On information and belief, Amneal will also knowingly and intentionally accompany the ANDA Product with proposed prescribing

information and a product insert that will include instructions for using and administering the ANDA Product. Accordingly, Amneal will induce health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '406 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '406 Patent and knowledge that they are encouraging infringement.

78.     Amneal had actual and constructive notice of the '406 Patent prior to filing the Amneal ANDA, and was aware that the filing of the Amneal ANDA with the request for FDA approval prior to the expiration of the '406 Patent would constitute an act of infringement of the '406 Patent.

79.     In addition, upon information and belief, Amneal filed the Amneal ANDA without adequate justification for asserting the '406 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '406 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

80.     Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing or contributing to the infringement of one or more claims of the '406 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '406 PATENT

81.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–80 as if fully set forth herein.

82. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

83. On information and belief, if the Amneal ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Amneal and its affiliates. Amneal will therefore directly infringe one or more claims of the '406 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

84. On information and belief, Amneal knows that health care professionals or patients will use the ANDA Product in accordance with the proposed prescribing information sought by the Amneal ANDA and Amneal will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '406 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

85. On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the '406 Patent expires will directly infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '406 Patent under one or more of 35 U.S.C. §§ 271(a), (b) and (c).

86. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Amneal concerning liability for the infringement of one or more claims of the '406 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

87.    Plaintiffs will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

88.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT V**
**INFRINGEMENT OF THE '246 PATENT**

89.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–88 as if fully set forth herein.

90.    On information and belief, Amneal has submitted or caused the submission of the Amneal ANDA to the FDA, and continues to seek FDA approval of the Amneal ANDA.

91.    On information and belief, Amneal has infringed one or more claims of the '246 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA with a Paragraph IV certification and seeking FDA approval of the Amneal ANDA prior to the expiration of the '246 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for the Amneal ANDA be a date which is not earlier than the expiration date of the '246 Patent.

92.    On information and belief, FDA regulations provide, *inter alia*, that, "[g]enerally, a drug product intended for ophthalmic use . . . must contain the same inactive ingredients and in the same concentration as the reference listed drug" and further that "in a product intended for ophthalmic use, an applicant may not change a buffer . . . for the purpose of claiming a therapeutic advantage over or difference from the listed drug . . . or by making a significant change in the pH or other change that may raise questions of irritability." 21 C.F.R. § 314.94(a)(9)(iv).

93.    For example, claim 1 of the '246 Patent recites:

19

A liquid intraocular ophthalmic pharmaceutical solution dosage form consisting essentially of phenylephrine, ketorolac, and a buffer system, in solution in a pH-adjusted aqueous carrier as a solvent, that is free of preservatives, antioxidants and solubilizing agents, and a nitrogen gas overlay in a single use container, wherein the phenylephrine is included at a concentration of 45 mM to 76 mM and the ketorolac is included at a concentration of about 8.5 mM to 14 mM, wherein the intraocular ophthalmic pharmaceutical solution is stable for a period of at least six months when stored at a temperature of from 5+/-3º C. to 25+/-2º C.

94.     On information and belief, ██████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

95.     ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████

96.     On information and belief, ██████████████████████

██████████████████████████████████████████████████

███████████████

97.    On information and belief, the ANDA Product would also infringe one or more claims of the '246 Patent under the doctrine of equivalents. ███████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████

98.    Amneal's commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product would directly infringe, actively induce infringement, and/or contribute to infringement of one or more claims of the '246 Patent. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of the Amneal ANDA, Amneal will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '246 Patent.

99.    On information and belief, upon FDA approval of the Amneal ANDA, Amneal will market and distribute the ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the ANDA Product. On information and belief, Amneal will also knowingly and intentionally accompany the ANDA Product with proposed prescribing information and a product insert that will include instructions for using and administering the ANDA Product. Accordingly, Amneal will induce health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '246 Patent. In addition, on information and belief, Amneal will encourage acts of direct infringement with knowledge of the '246 Patent and knowledge that they are encouraging infringement.

100.    Amneal had actual and constructive notice of the '246 Patent prior to filing the Amneal ANDA, and was aware that the filing of the Amneal ANDA with the request for FDA approval prior to the expiration of the '246 Patent would constitute an act of infringement of the '246 Patent.

101.    In addition, upon information and belief, Amneal filed the Amneal ANDA without adequate justification for asserting the '246 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Amneal's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '246 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

102.    Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing, and from actively inducing or contributing to the infringement of one or more claims of the '246 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Amneal, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT VI**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '246 PATENT**

103.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–102 as if fully set forth herein.

104.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

105.    On information and belief, if the Amneal ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of New Jersey, by or through Amneal and its affiliates. Amneal will therefore directly

22

infringe one or more claims of the '246 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

106.   On information and belief, Amneal knows that health care professionals or patients will use the ANDA Product in accordance with the proposed prescribing information sought by the Amneal ANDA and Amneal will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '246 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

107.   On information and belief, Amneal's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Amneal ANDA. Any such conduct before the '246 Patent expires will directly infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '246 Patent under one or more of 35 U.S.C. §§ 271(a), (b) and (c).

108.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Amneal concerning liability for the infringement of one or more claims of the '246 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

109.   Plaintiffs will be substantially and irreparably harmed by Amneal's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

110.   This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)   A Judgment that under 35 U.S.C. § 271(e)(2)(A), Amneal's submission to the FDA of ANDA No. 220463 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product before the expiration of the '856 Patent was an act of infringement of one or more claims of the '856 Patent;

(B)   A Judgment that under 35 U.S.C. § 271(e)(2)(A), Amneal's submission to the FDA of ANDA No. 220463 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product before the expiration of the '406 Patent was an act of infringement of one or more claims of the '406 Patent;

(C)   A Judgment that under 35 U.S.C. § 271(e)(2)(A), Amneal's submission to the FDA of ANDA No. 220463 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product before the expiration of the '246 Patent was an act of infringement of one or more claims of the '246 Patent;

(D)   A Declaratory Judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Amneal's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '856 Patent;

(E)   A Declaratory Judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Amneal's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '406 Patent;

(F)   A Declaratory Judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Amneal's commercial manufacture, use, offer for sale, or sale in, or importation into, the

United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '246 Patent;

(G)     The entry of a preliminary and permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), enjoining Amneal, its affiliates and subsidiaries, and all persons and entities acting in concert with Amneal from commercially manufacturing, using, offering for sale, or selling the ANDA Product within the United States, or importing the ANDA Product into the United States, until the expiration of the '856, '406, and '246 Patents;

(H)     The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 220463 shall be no earlier than the last expiration date of any of the '856, '406, and '246 Patents, or any later expiration of exclusivity for any of the '856, '406, and '246 Patents, including any extensions or regulatory exclusivities;

(I)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Amneal engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '856 Patent, or induces or contributes to such conduct, prior to the expiration of the '856 Patent;

(J)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Amneal engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '406 Patent, or induces or contributes to such conduct, prior to the expiration of the '406 Patent;

(K)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Amneal engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '246 Patent, or induces or contributes to such conduct, prior to the expiration of the '246 Patent;

(L)     The entry of Judgment declaring that Amneal's acts render this case an exceptional case, and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(M)     An award to Plaintiffs of their costs and expenses in this action; and

(N)     Such other and further relief as the Court deems just and proper.

Dated:  April 6, 2026

OF COUNSEL:                                    s/ Charles M. Lizza
Jeffrey Lerner                                 Charles M. Lizza
Daniel Cho                                     Alexander L. Callo
Melissa Keech                                  SAUL EWING LLP
Justin Burnam                                  One Riverfront Plaza
Laura Martin                                   1037 Raymond Blvd., Suite 1520
Mishael Hibshoosh                              Newark, NJ 07102
COVINGTON & BURLING LLP                        (973) 286-6700
One CityCenter                                 clizza@saul.com
850 Tenth Street, NW
Washington, DC 20001                           *Attorneys for Plaintiffs*
(202) 662-6000

26

## LOCAL CIVIL RULES 11.2 AND 40.1 CERTIFICATION

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter in controversy involves the same plaintiffs, the same patents, and a defendant seeking approval to sell a generic version of the same drug product that is at issue in the matter captioned *Rayner Surgical Inc., et al. v. Somerset Therapeutics, LLC*, Civil Action No. 24-9017 (GC)(JBD) (D.N.J.), currently pending in this Judicial District.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  April 6, 2026

OF COUNSEL:
Jeffrey Lerner
Daniel Cho
Melissa Keech
Justin Burnam
Laura Martin
Mishael Hibshoosh
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

s/ Charles M. Lizza
Charles M. Lizza
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*

27